UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. **19-20603-CR-COOKE/GOODMAN**

**UNITED STATES OF AMERICA**

vs.

**ABDUL-MAJEED MAROUF AHMED ALANI**

           **Defendant.**

_____/

**GOVERNMENT'S SECOND RESPONSE
TO THE STANDING DISCOVERY ORDER**

The United States hereby files this second response to the Standing Discovery Order. This response also complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16.

    A.    5.    Books, papers, documents, data, photographs, tangible objects, buildings or places, within the government's possession, custody or control, which are material to the preparation of the defendant's defense, or which the government intends to use as evidence at trial to prove its case in chief, or which were obtained from or belong to the defendant, may be inspected at a mutually convenient time at: the Office of the United States Attorney, 99 Northeast 4th Street, Miami, Florida, Suite 800. Please call the undersigned to set up a date and time that is convenient to both parties.

The following documentary evidence is being provided as part of this response:

    1.    GOV 000918: CD containing T-Mobile records for telephone number 925-305-3224 used by the defendant.

    2.    GOV 000919-000920: American Airlines ("AA") email reporting the July 17, 2019, sabotage.

    3.    GOV 000921-000929: AA email regarding defendant's request for bereavement leave for the period March 20 through March 22, 2019, and defendant's request for overtime on July 17, 2019.

1

4. GOV 000930-000932: Security identification display area ("SIDA") badge/credential events (or swipes) for Gates D48 and D49 at Miami International Airport ("MIA") on July 17, 2019.

5. GOV 000933-001278: SIDA badge/credential events at the AA Hangar at MIA for July 16, 2019, and July 17, 2019.

6. GOV 001279-001287: Aircraft Maintenance Log pages and AA form E58D-3 repair items for aircraft with nose number 3MW.

7. GOV 001288-001324: AA Manning Reports for July 16, 2019.

8. GOV 001325-001362: AA Manning Reports for July 17, 2019.

9. GOV 001363-001378: AA Passenger Manifest for AA Flight 2834 on July 17, 2019.

10. GOV 001379-001651: Alaska Airlines records relating to defendant's employment with that airline.

11. GOV 001652-001653: Consent to Search form signed by Lane Clark.

12. GOV 001654: Consent to Search form signed by defendant.

13. GOV 001655-001656: FBI Lab Report finding no prints of value.

14. GOV 001657-001660: AA email regarding custody of the obstructed air data module ("ADM") removed from aircraft 3MW on July 17, 2019.

15. GOV 001661-001663: photographs of items swabbed for defendant's DNA.

16. GOV 001664-001675: records from Turkish Airways.

17. GOV 001676-001678: emails from NTSB and Boeing regarding ADM.

18. GOV 001679: DVD (with video player included) containing MDAD video footage of MIA Terminal D and surrounding area on July 17, 2019.

19. GOV 001680: DVD (with video player included) containing AA video footage of AA Hangar security checkpoint at MIA on July 16, 2019.

20. GOV 001681: DVD (with video player included) containing video footage of AA Hangar Bay1 at MIA on July 17, 2019.

The attachments to this discovery response are not necessarily copies of all the books, papers, documents, data, etc., that the government may intend to introduce at trial.

6. A laboratory analysis report regarding the defendant's DNA in connection with this case is pending.

B. DEMAND FOR RECIPROCAL DISCOVERY: Pursuant to the Standing Discovery Order, the United States requests the disclosure and production of materials listed in Section (b) of Local Rule 88.10. This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

C. The government will disclose any information or material which may be favorable on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963), and United States v. Agurs, 427 U.S. 97 (1976).

D. The government will disclose any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of Giglio v. United States, 405 U.S. 150 (1972), or Napue v. Illinois, 360 U.S. 264 (1959).

E. The government will disclose any prior convictions of any alleged co-conspirator, accomplice or informant who will testify for the government at trial.

F. The defendant was not identified in a lineup, show up, photo array or similar identification proceedings.

G. The government has advised its agents and officers involved in this case to preserve all rough notes.

H. The government will timely advise the defendant of its intent, if any, to introduce at trial extrinsic act evidence pursuant to F.R.E. 404(b). Pursuant to Local Rule 88.10, the notice will be provided regardless of whether the evidence may be used in the case-in-chief, for impeachment or possible

rebuttal, and will include the general nature of the evidence.

I. The defendant is not an aggrieved person, as defined in Title 18, United States Code, Section 2510(11), of any relevant electronic surveillance that was authorized pursuant to 18 U.S.C. §2516 and 18 U.S.C §2518 and that has been unsealed in accordance with 18 U.S.C §2518.

J. The government has ordered transcribed the Grand Jury testimony of all witnesses who will testify for the government at the trial of this cause.

K. No contraband is involved in this indictment.

L. The government does not know of any automobile, vessel, or aircraft allegedly used in the commission of this offense that is in the government's possession.

M. The government is not presently aware of any latent fingerprints or palm prints which have been identified by a government expert as those of the defendant.

N. The government will make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not contested and the early resolution of which will expedite trial. These stipulations will be discussed with defense counsel in a timely fashion, both before, at, and after the discovery conference.

The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, Brady, Giglio, Napue, and the obligation to assure a fair trial.

In addition to the request made above by the government pursuant to the Standing Discovery Order, Local Rule 88.10(b), and Rule 16(b) of the Federal Rules of Criminal Procedure, in accordance with Rule 12.1 of the Federal Rules of Criminal Procedure, the government hereby demands Notice of Alibi defense; the approximate time, date, and place of the offense was:

Time:  am hours.
Date:  7/17/19.
Place: Miami International Airport.

The attachments to this response are numbered GOV 000918 through GOV 001681. Please contact the undersigned Assistant United States Attorneys if any pages or discs are missing.

Respectfully submitted,

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

By: *s/ Randy A. Hummel*
Randy A. Hummel
Assistant United States Attorney
Senior Litigation Counsel
Florida Bar No. 973378
99 Northeast 4th Street
Miami, Florida 33132-2111
Tel: (305) 961-9299
Email: randy.hummel@usdoj.gov

By: *s/ Maria K. Medetis*
Maria K. Medetis
Assistant United States Attorney
Florida Bar No. 1012329
99 Northeast 4th Street
Miami, Florida 33132-2111
Tel: (305) 961-9010
Email: maria.medetis@usdoj.gov

cc:   Special Agent Rene Luna,
      Federal Bureau of Investigation

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 10, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on counsel for the defendant, Jonathan Scott Meltz via Notice of Electronic Filing generated by CM/ECF and via Federal Express (including bates numbered items referenced in the foregoing document).

*s/Maria K. Medetis*
Maria K. Medetis
Assistant United States Attorney
