UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. **19-20603-CR-COOKE/GOODMAN**

**UNITED STATES OF AMERICA**

vs.

**ABDUL-MAJEED MAROUF AHMED ALANI,**

       **Defendant.**
_____/

**GOVERNMENT'S THIRD RESPONSE
TO THE STANDING DISCOVERY ORDER**

The United States hereby files this third response to the Standing Discovery Order. This response also complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16.

A.   5.   Books, papers, documents, data, photographs, tangible objects, buildings or places, within the government's possession, custody or control, which are material to the preparation of the defendant's defense, or which the government intends to use as evidence at trial to prove its case in chief, or which were obtained from or belong to the defendant, may be inspected at a mutually convenient time at: the Office of the United States Attorney, 99 Northeast 4th Street, Miami, Florida, Suite 800. Please call the undersigned to set up a date and time that is convenient to both parties.

The following documentary evidence is being provided as part of this response:

1.   GOV 001682-001699: CD containing FBI 302s and 1A exhibits to 302s.

2.   GOV 001700: CD containing combined footage from Miami International Airport on July 17, 2019. This is a composite exhibit of video footage previously produced in the First and Second Responses to the Standing Discovery Order.

The attachments to this discovery response are not necessarily copies of all

    the books, papers, documents, data, etc., that the government may intend to introduce at trial.

   6. A laboratory analysis report regarding the defendant's DNA in connection with this case is pending.

B. DEMAND FOR RECIPROCAL DISCOVERY: Pursuant to the Standing Discovery Order, the United States requests the disclosure and production of materials listed in Section (b) of Local Rule 88.10. This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

C. The government will disclose any information or material which may be favorable on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963), and United States v. Agurs, 427 U.S. 97 (1976).

D. The government will disclose any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of Giglio v. United States, 405 U.S. 150 (1972), or Napue v. Illinois, 360 U.S. 264 (1959).

E. The government will disclose any prior convictions of any alleged co-conspirator, accomplice or informant who will testify for the government at trial.

F. The defendant was not identified in a lineup, show up, photo array or similar identification proceedings.

G. The government has advised its agents and officers involved in this case to preserve all rough notes.

H. The government will timely advise the defendant of its intent, if any, to introduce at trial extrinsic act evidence pursuant to F.R.E. 404(b). Pursuant to Local Rule 88.10, the notice will be provided regardless of whether the evidence may be used in the case-in-chief, for impeachment or possible rebuttal, and will include the general nature of the evidence.

I. The defendant is not an aggrieved person, as defined in Title 18, United States Code, Section 2510(11), of any relevant electronic surveillance that was authorized pursuant to 18 U.S.C. §2516 and 18 U.S.C §2518 and that has been unsealed in accordance with 18 U.S.C §2518.

J. The government has ordered transcribed the Grand Jury testimony of all witnesses who will testify for the government at the trial of this cause.

K.	No contraband is involved in this indictment.

L.	The government does not know of any automobile, vessel, or aircraft allegedly used in the commission of this offense that is in the government's possession.

M.	The government is not presently aware of any latent fingerprints or palm prints which have been identified by a government expert as those of the defendant.

N.	The government will make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not contested and the early resolution of which will expedite trial. These stipulations will be discussed with defense counsel in a timely fashion, both before, at, and after the discovery conference.

The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, <u>Brady</u>, <u>Giglio</u>, <u>Napue</u>, and the obligation to assure a fair trial.

In addition to the request made above by the government pursuant to the Standing Discovery Order, Local Rule 88.10(b), and Rule 16(b) of the Federal Rules of Criminal Procedure, in accordance with Rule 12.1 of the Federal Rules of Criminal Procedure, the government hereby demands Notice of Alibi defense; the approximate time, date, and place of the offense was:

> Time: am hours.
> Date: 7/17/19.
> Place: Miami International Airport.

*[This space intentionally left blank.]*

The attachments to this response are numbered GOV 001682 through GOV 001700. Please contact the undersigned Assistant United States Attorneys if any pages or discs are missing.

                                        Respectfully submitted,

                                        ARIANA FAJARDO ORSHAN
                                        UNITED STATES ATTORNEY

By:  *s/ Randy A. Hummel*
       Randy A. Hummel
       Assistant United States Attorney
       Senior Litigation Counsel
       Florida Bar No. 973378
       99 Northeast 4th Street
       Miami, Florida 33132-2111
       Tel: (305) 961-9299
       Email:  randy.hummel@usdoj.gov

By:  *s/ Maria K. Medetis*
       Maria K. Medetis
       Assistant United States Attorney
       Florida Bar No. 1012329
       99 Northeast 4th Street
       Miami, Florida 33132-2111
       Tel: (305) 961-9010
       Email:  maria.medetis@usdoj.gov

cc:      Special Agent Rene Luna,
          Federal Bureau of Investigation

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 24, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on counsel for the defendant, Jonathan Scott Meltz via Notice of Electronic Filing generated by CM/ECF and via Federal Express (including bates numbered items referenced in the foregoing document).

                                                          *s/Maria K. Medetis*
                                                        Maria K. Medetis
                                                        Assistant United States Attorney