UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. **19-20603-CR-COOKE/GOODMAN**

**UNITED STATES OF AMERICA**

**vs.**

**ABDUL-MAJEED MAROUF AHMED ALANI,**

**Defendant.**
_____/

## PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida ("this Office") and Abdul-Majeed Marouf Ahmed Alani (hereinafter referred to as the "defendant") enter into the following agreement:

1. The defendant agrees to plead guilty to the indictment, which charges the defendant with willfully attempting to damage, destroy, disable, or wreck a civil aircraft used, operated, or employed in interstate, overseas, or foreign air commerce in violation of Title 18, United States Code, Sections 32(a)(1) and (a)(8).

2. The defendant is aware that the sentence will be imposed by the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a pre-sentence investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the Court may depart from the advisory

sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range. Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

3. The defendant also understands and acknowledges that the Court may impose a statutory maximum term of imprisonment of up to twenty (20) years, followed by a term of supervised release of up to three (3) years. In addition to a term of imprisonment and supervised release, the Court may impose a fine of up to $250,000 and may order forfeiture and restitution.

4. The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 3 of this agreement, a special assessment in the amount of $100 will be imposed on the defendant. The defendant agrees that any special assessment imposed shall be paid at the time of sentencing. If a defendant is financially unable to pay the special assessment, the defendant agrees to present evidence to this Office and the Court at the time of sentencing as to the reasons for the defendant's failure to pay.

5. The Office agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative

and timely acceptance of personal responsibility. If at the time of sentencing the defendant's offense level is determined to be 16 or greater, the Office will file a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. The Office, however, will not be required to make either the recommendation or motion set forth above if the defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

6. The Office and the defendant agree that, although not binding on the probation office or the Court, they will jointly recommend that the Court make the following findings and conclusions as to the sentence to be imposed:

    a) <u>Applicable Guideline Section</u>: that the applicable Guideline section for the Offense committed by the defendant is found at U.S.S.G. Section 2A5.2(a)(2)(Interference with Dispatch, Navigation, Operation, or Maintenance of Mass Transportation Vehicle--recklessly endangering the safety of an aircraft), which provides for a base offense level of 18.

b) <u>Use of Special Skill</u>: That the defendant should receive a two-level increase for use of a special skill in the commission of the offense pursuant to Section 3B1.3 of the Sentencing Guidelines.

c) <u>Adjusted Offense Level:</u> That the applicable adjusted offense level (prior to any reduction for acceptance of responsibility) under all of the circumstances of the offense committed by the defendant is Level 20.

d) <u>Total Offense Level</u> (prior to any reduction for acceptance of responsibility): That a two level upward variance from the adjusted offense level of the advisory guideline range recommended by the parties in subsection (c) above, is appropriate in this case based upon the nature of the offense and the defendant's relevant offense conduct, resulting in a Total Offense Level (prior to any reduction for acceptance of responsibility) of Level 22. This Office and the defendant agree that, although not binding on the Court, neither party will advocate for or request any additional upward or downward variance or departure from the agreed upon Offense Level 22 (prior to any reduction for acceptance of responsibility).

7. <u>Forfeiture</u>: The defendant agrees, in an individual and any other capacity, to forfeit to the United States, voluntarily and immediately, any right, title, and interest to any property, real or personal, which constitutes or is derived from proceeds traceable to the offense in violation of 18 U.S.C. § 32 to which he is pleading guilty, pursuant to 18 U.S.C. § 981(a)(1)(C). In addition, the defendant agrees to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p).

    a) The defendant further agrees that forfeiture is independent of any assessment, fine, cost, restitution, or penalty that may be imposed by the Court. The defendant knowingly and voluntarily agrees to waive all constitutional, legal, and equitable defenses to the forfeiture, including excessive fines under the Eighth Amendment to the United States Constitution. In addition, the defendant agrees to waive: any applicable time limits for administrative or judicial forfeiture proceedings, the requirements of Fed. Rs. Crim. P. 32.2 and 43(a), and any appeal of the forfeiture.

    b) The defendant also agrees to fully and truthfully disclose the existence, nature and location of all assets in which the defendant has or had any direct or indirect financial interest or control, and any assets involved in the offense of conviction. The defendant also agrees to take all steps requested by the United States for the recovery and forfeiture of all assets identified by the United States as subject to forfeiture. This includes, but is not limited to, the timely delivery upon request of all necessary and appropriate documentation to deliver good and marketable title, consenting to all orders of forfeiture, and not contesting or impeding in any way with any criminal, civil or administrative forfeiture proceeding concerning the forfeiture.

8. This Office reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations

contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

9. The defendant is aware that the sentence has not yet been determined by the Court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, the Office, or the probation office, is a prediction, not a promise, and is not binding on the Office, the probation office or the Court. The defendant understands further that any recommendation that the Office makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged in paragraph 2 above, that the defendant may not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by the defendant, the Office, or a recommendation made jointly by the defendant and this Office.

10. The defendant is aware that Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291 afford the defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the defendant hereby waives all rights conferred by Sections 3742 and 1291 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or an upward variance from the advisory guideline range beyond the two level upward variance jointly recommended by the parties earlier in this agreement that the Court establishes at sentencing. The defendant further understands that nothing in this

agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b) and Title 28, United States Code, Section 1291. However, if the United States appeals the defendant's sentence pursuant to Sections 3742(b) and 1291, the defendant shall be released from the above waiver of appellate rights. By signing this agreement, the defendant acknowledges that the defendant has discussed the appeal waiver set forth in this agreement with the defendant's attorney. The defendant further agrees, together with this Office, to request that the Court enter a specific finding that the defendant's waiver of his right to appeal the sentence imposed in this case was knowing and voluntary.

11. This is the entire agreement and understanding between the Office and the defendant. There are no other agreements, promises, representations, or understandings.

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

Date: 1h/1f/19  By: _____
RANDY A. HUMMEL
ASSISTANT UNITED STATES ATTORNEY

Date: 12/18/19  By: _____
MARIA K. MEDETIS
ASSISTANT UNITED STATES ATTORNEY

Date: 12/18/19  By: _____
JONATHAN MELTZ
ATTORNEY FOR DEFENDANT

Date: 12/18/19  By: _____
ABDUL-MAJEED MAROUF AHMED ALANI
DEFENDANT

7