UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 1:19-CR-20603-COOKE/GOODMAN

UNITED STATES OF AMERICA

VS.

ABDUL-MAJEED MAROUF AHMED ALANI,
    DEFENDANT.
_____/

**DEFENDANT'S OBJECTIONS TO THE PRESENTENCE INVESTIGATION REPORT**

    COMES NOW Defendant, by and through undersigned counsel, who hereby submits objections to the Presentence Investigation Report and states:

Offense Level Computation

    1.    Defendant Alani maintains the applicable base offense level is 18 and objects to Probation's application of a base offense level of 30 for a violation of 18 U.S.C. § 32(a)(1) pursuant to United States Sentencing Guidelines Section 2A5.2(a)(1). See Presentence Investigation Report (PSR) ¶ 24.

    2.    After extensive investigation, discovery and discussion, Defendant and the Government agreed Defendant's offense involved recklessly endangering the safety of an aircraft. As such, Defendant and the Government agreed to jointly recommend to the Court that the applicable guideline for the offense committed by the defendant is § 2A5.2(a)(2), which provides a base offense level of 18. See Plea Agreement, p.3, ECF No. 26.

    3.    Probation's application of §2A5.2(a)(1) necessitates a finding that the offense involved intentionally endangering the safety of an aircraft, a conclusion not supported by the

evidence in this case. The Presentence Investigation Report does not describe any facts to support a finding of intentional endangerment.

4. As Defendant and the Government agreed to jointly recommend to the Court, Defendant's actions recklessly endangered the safety of an aircraft and is wholly supported by the facts of the case. Defendant deliberately obstructed one of the aircraft's two air data module (ADM) systems with a piece of Styrofoam-like material. See Stipulated Factual Basis, p.1, ECF No. 27. Before the aircraft entered the runway and began the take-off process, the pilot observed an error message and returned to the gate for maintenance. *Id*. at p.1-2. Defendant stated his intention was not to cause harm to the aircraft or its passengers. See *Id*. at p.4. Defendant further admitted he tampered with the aircraft so it would not take-off. See *Id*. at p. 5. Defendant told investigators he intended only to cause a flight delay or have the flight cancelled in anticipation of obtaining overtime work. *Id*.

5. The terms "intentionally" and "recklessly" are not defined in U.S.S.G. §2A5.2. However, "Reckless" is defined in the commentary to U.S.S.G. §2A1.4 (Involuntary Manslaughter) as "a situation where the defendant was aware of the risk created by his conduct and the risk was of such a nature and degree that to disregard that risk constituted a gross deviation from the standard of care that a reasonable person would exercise in such a situation." USSG § 2A1.4, comment. (n.1).[1]

6. Defense counsel could only find one case where a court applied the U.S.S.G. §2A5.2(a)(1) intentional endangerment standard. In *United States v. Bocook,* 59 F.3d 167, 1995

---

[1] The United States Courts of Appeals for the Fourth and Eighth Circuits have also applied the definition of "recklessly" from § 2A1.4 in cases under § 2A5.2. See *United States v. Rogers*, 881 F.3d 1054, 1055-56 (8th Cir. 2018); *United States v. Clarkson*, 148 Fed. App'x 437, 441 (6th Cir. 2005)(unpublished); *United States v. Bocook*, 59 F.3d 167, [*1176] 1995 WL 371250, at *2 (4th Cir. 1995)(unpublished table decision)(applying the definition of recklessness in § 2A1.4).

U.S. App. LEXIS 15514 (4th Cir. 1995)(unpublished table decision), the Court upheld the application of §2A5.2(a)(1)(A) where the defendant broadcast unauthorized radio messages to aircraft and air traffic controllers. For two months, he pretended to be an air traffic controller, and gave instructions to pilots who were preparing to land. At other times, he instructed incoming pilots to change frequencies, or to break off their approach. He told pilots they were not clear to land after they had been cleared to land by the tower and told pilots their runway was closed because of a disabled aircraft on the runway. Defendant also used obscene language, harassed a female air traffic controller, made threats to shoot down aircraft, and transmitted recorded music and weather reports.

7. In contrast, Courts have often applied the U.S.S.G. §2A5.2(a)(2) reckless endangerment standard, especially in cases where the Defendant actions have put passengers in danger by forcing planes to make unscheduled landings – something the Defendant did not do in this case.

8. In *United States v. Gonzalez*, 492 F.3d 1031, 1037 (9th Cir. 2007), the Court held that diversion of an aircraft, behavior that instills fear and terror in the other passengers or the flight crew, and threats that could result in harm to the aircraft are sufficient to constitute reckless endangerment of the safety of the aircraft for purposes of U.S.S.G § 2A5.2(a)(2).

9. In *United States v. Guerrero*, 193 F. Supp. 2d 607, 608-610 (E.D.N.Y. 2002), the Defendant recklessly endangered the aircraft and passengers when intoxicated and unruly, he struck passengers and flight crew members, while threatening to kill people on the plane. The court held that Defendant further endangered the aircraft and passengers when he pushed the captain, because that exposed the aircraft and crew to the danger of having their captain incapacitated and

ultimately resulted in the captain's decision to turn the plane around and return to New York. *Id*. at 610.

10. In *United States v. Jenny*, 7 F.3d 953 (10th Cir. 1993), the court affirmed the sentencing enhancement under § 2A5.2(a)(2) where the defendant cursed at the flight attendant and other passengers, made sexually suggestive remarks and gestures, grabbed a female flight attendant's breast and a female passenger's arm, and approached the cockpit area and sat in the flight attendant's jump seat, among other things. Id. at 954-55. The captain was forced to make an unscheduled landing due to Defendant's conduct. *Id*. at 955.

11. In conclusion, Defendant Alani's behavior in the case at bar, albeit reprehensible, falls far below the intentional endangerment standard in United States v. Bocook, 59 F.3d at 167 and does not even rise to the Defendants' actions in the cases illustrated above where Courts have applied the reckless endangerment standard.

12. The Presentence Investigation Report does not sufficiently describe conduct which rises to the level necessary to support a finding of intentional endangerment standard.  As such, there is no basis to support application of the more severe §2A5.2(a)(1) intentional endangerment standard and base offense level of 30 as requested by Probation.

13. Insofar as the Government and Defense agree that Defendant's actions recklessly endangered the aircraft under § 2A5.2(a)(2) and a base offense level of 18 should apply, Defendant objects to Probation's recommended base offense level of 30.

Respectfully submitted,

CHAPMAN LAW GROUP

/s/ *Jonathan Meltz*
Jonathan Meltz
FL Bar No.: 096504
Counsel for Defendant
Abdul-Majeed Marouf Ahmed Alani
1001 Brickell Bay Drive, Suite 1714
Miami, FL 33131
jmeltz@chapmanlawgroup.com
T: (305) 712-7177

## CERTIFICATE OF SERVICE

I, Jonathan Meltz, hereby certify that on February 10, 2020, I electronically filed Defendant's Objections to Presentence Investigation Report with the Clerk of the Court using the CM/ECF system, which will send notice to counsel of record.

/s/ *Jonathan Meltz*
Jonathan Meltz
FL Bar No.: 096504
Counsel for Defendant
Abdul-Majeed Marouf Ahmed Alani
jmeltz@chapmanlawgroup.com