UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-20603-CR-COOKE

UNITED STATES OF AMERICA,

vs.

ABDUL-MAJEED MAROUF AHMED ALANI,

    Defendant.
_____/

## ORDER DENYING MOTION TO REDUCE SENTENCE

**THIS MATTER** is before me on Defendant's Motion for Compassionate Release. ECF No. 37. The United States opposes the requested relief. ECF No. 39. For the reasons discussed below, the Motion is **DENIED**.

The Defendant is currently serving a 37-month sentence. ECF No. 35. The Defendant pled guilty to willfully attempting to damage, destroy or disable and wreck a civil aircraft of the United States. ECF No. 26.

The First Step Act provides district courts with the authority to reduce a defendant's sentence based on extraordinary and compelling circumstances. 18 U.S.C. § 3582(c)(1)(A)(i). In addition, the Sentencing Commission's policy statements, applicable to motions for reduction of imprisonment sentences pursuant to 18 USC § 3582(c)(1)(A), define "extraordinary and compelling reasons" in Section 1B1.13 of the Sentencing Guidelines. According to the accompanying notes of the Guidelines, extraordinary and compelling reasons exist where Defendant's medical condition "substantially diminishes [his] ability…to provide self-care within the environment of a correctional facility..." U.S.S.G. 1B1.13 comment n.1(A)(i)-(ii). Having reviewed Defendant's Motion, the Government's Opposition, and the record, I find no extraordinary and compelling reasons to grant Defendant's Motion.[1]

---

[1] I am mindful that the United States in other similar cases has maintained that the Bureau of Prisons, pursuant to 18 U.S.C. § 3582(c), must first address such requests before a defendant may request relief from the Court.  I do not find that argument persuasive.  "Instead, the exhaustion requirement in §

Here, the Defendant alleges that he suffers from "a history of recurring bronchitis." ECF No. 37 at 3. Yet, the record does not support a finding that the Defendant is "suffering from a serious physical or medical condition that substantially diminishes" his "ability to provide self-care with the environment of a correctional facility." U.S.S.G. 1B1.13 comment n.1(A)(i)-(ii).

Also, the §3553 factors militate against a sentence reduction. The defendant was convicted of a serious offense. His continuous imprisonment "reflects the seriousness of the offense…promote[s] respect for the law, and . . . provide[s] just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A). As was stated at the Defendant's Sentencing hearing:

> I think all of us, and the defendant included, stated he would not want to fly on a plane with the part as constituted that he put on the plane. There were approximately 150 people with passengers and crew on board that flight, I cannot even think about has there been some unfortunate calamity what would have happened in terms of loss if life or injury, and that's what I am looking at in terms of the potential for damage in this case as well as the charges.

ECF37-5. at 16-17.

The Defendant has served only a minor portion of his sentence. One of the objectives of §3553 is to protect society. This Defendant's act of attempting to halt air travel for overtime is egregious. He disabled a plane for money. To allow this Defendant's release from custody after only a few months in prison does not promote respect for the law or afford adequate deterrence for this type of extensive criminal conduct.

I recognize that the COVID-19 pandemic affects incarcerated inmates, maybe at a greater rate than other members of society. However, the existence of the virus alone does not render Defendant's circumstances compelling.

Accordingly, it is **ORDERED and ADJUDGED** that Defendant's Motion (ECF

---

3582(c)(1)(A) merely controls who -- the BOP or defendant -- may move for compassionate release and when such a motion may be made." *United States v. Haney*, No.19-00541, 2020 WL 1821988, at *2 (S.D.N.Y April 13, 2020). The Defendant has requested a release from custody and placed on home confinement. ECF No. 37-4. The Defendant's case manager rejected the request on May 6, 2020, on the basis that his "charge was a violent and a terrorist act." ECF No. 37-4. At the sentencing hearing in this case, the Government maintained that there was no evidence that the Defendant's criminal activity was evidence of terrorism or a terrorist related act. The Bureau of Prisons is directed to remove an reference of the charge in this case as one of "violent and a terrorist act."

No. 37) is **DENIED.**

**DONE and ORDERED** in chambers at Miami, Florida, this 11th day of June 2020.

*[signature: Marcia G. Cooke]*
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Counsel of Record*